IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| THOMAS BUNN | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv84 |
| WARDEN, USP BEAUMONT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Thomas Bunn, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Petitioner filed this petition for writ of habeas corpus contesting the calculation of his sentence. Petitioner asserts he is entitled to credit toward the completion of his federal sentence for twelve months' time spent in state custody.

Analysis

Title 28 U.S.C. § 2241 gives the district court authority to grant a writ of habeas corpus where a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 is correctly used to attack the manner in which a sentence is executed. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Thus, petitioner's claims are properly asserted in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

*Calculation of Sentence and Term of Imprisonment*

Title 18 U.S.C. § 3584(a) provides in relevant part the following:

If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively.... Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run

consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

Petitioner was arrested by authorities in Kentucky on October 31, 2012 and charged with Fleeing or Evading Police, Criminal Mischief, and Persistent Felony Offender. The charges also formed the underlying basis of petitioner's federal conviction. On November 1, 2012, petitioner was temporarily transferred from state custody to federal custody pursuant to a Writ of Habeas Corpus *ad Prosequendum*. On June 14, 2013, the United States District Court for the Eastern District of Kentucky sentenced petitioner to a 120-month term of imprisonment for Possession of a Firearm by a Convicted Felon. *See United States v. Bunn*, No. 6:12-cr-63-1 (E.D. Ky June 14, 2013). The court ordered petitioner's federal sentence to run concurrently with his state sentence for twelve months, the remaining nine years to run consecutively to his sentence in Whitley County, Kentucky, Circuit Court Case Number 12-CR-00303, and the entire 120 month sentence is to run consecutively to any sentence received for a pending parole violation in Louisiana. Petitioner was released from the Kentucky Department of Corrections on August 1, 2014 and came into exclusive federal custody to begin service of his 120-month term of imprisonment.

The calculation of a term of imprisonment is governed by Title 18 U.S.C. § 3585 which provides the following:

> (a) Commencement of sentence. - A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

The earliest date a federal sentence can commence is the date on which it is imposed. *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980); Program Statement 5880.28, Sentence

Computation Manual, page 1-21.  This is true even if a sentence is to run concurrent with a previously imposed term.  *Id.* (holding "sentence could not be concurrent prior to the date it is pronounced, even if made concurrent with a sentence already being served.").

Generally, the sovereign which first arrested the offender has primary jurisdiction over the offender, unless that sovereign relinquishes it to another sovereign by, for example bail, release, dismissal of state charges, parole release, or expiration of state sentences. *McCarthy v. Warden*, 168 F.App'x. 276, 277 (10th Cir.), *cert. denied*, 548 U.S. 914, 126 S.Ct. 2949, 165 L.Ed.2d 968 (2006); *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005); *Rowell v. Beeler*, 135 F.App'x. 590, 594 n.2 (4th Cir. 2005); *Phillips v. Kaiser*, 47 F.App'x. 507, 511 (10th Cir. 2002) (finding that state had primary jurisdiction over petitioner, although he was on supervised release for his federal conviction at the time of his arrest by state authorities); *United States v. Warren*, 610 F.2d 680, 684-85 (9th Cir. 1980); *Williams v. Taylor*, 327 F.2d 322, 323 (10th Cir. 1964) ("It is well settled that in our two systems of courts, the one which first takes custody of a prisoner in criminal cases is entitled to the custody of the prisoner until final disposition of the proceedings in that court, but during this time the prisoner is not immune from prosecution by the other sovereign.").  Where a convicted federal prisoner claims credit for time served in a state jail or prison, the burden is on the prisoner to establish that the state confinement was exclusively the product of such action by federal law enforcement officials so as to justify treating the state jail time as the practical equivalent of a federal one.  Even then, if he receives credit for the time he served against the state charges, none is to be granted against the federal sentence. *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586-87 (5th Cir. 1988); *United States v. Wilson*, 916 F.2d 1115, 1118 (6th Cir. 1990).  Time spent by a prisoner in federal custody under a writ of habeas corpus *ad prosequendum* is not counted towards the federal sentence if that time was credited toward his state sentence. *See McKinley v. Haro*, 83 F. App'x 591 (5th Cir. 2003); *United States v. Brown,* 753 F.2d 455, 456 (5th Cir. 1985).

Petitioner is not entitled to credit toward his federal sentence prior to commencement of his sentence and for time credited toward another sentence.  In this case, petitioner's pre-sentence jail

time was credited toward the completion of his state sentence; therefore, he is not entitled to credit for such time toward the completion of this sentence. Additionally, petitioner received time credit toward the completion of his state conviction for the twelve months spent in state custody which he now seeks. Accordingly, petitioner is not entitled to credit for time served in the Kentucky state conviction. Further, pursuant to Program Statement 5880.28, petitioner is not entitled to time spent on a writ of habeas corpus *ad prosequendum* because it is considered pre-sentence time credit. Thus, the petitioner has been credited with all time to which he is entitled. Petitioner's total time of confinement has not been extended. Accordingly, the petitioner's claim should be denied.

## Recommendation

The above-styled petition for writ of habeas corpus should be denied and dismissed.

## Objections

Within fourteen days after being served with a copy of the Magistrate Judge's Report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the Magistrate Judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 14th day of September, 2023.

_____
Zack Hawthorn
United States Magistrate Judge